Scott Hamilton, Esq.
728 South Main Street
Kalispell, MT 59901
(406) 257-3036
Attorney for Debtor(s)
State Bar #2792

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

--------------------

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-61595 |
| | ) | |
| JACOB E. GENTRY, | ) | THIRD AMENDED |
| | ) | CHAPTER 13 PLAN |
| and | ) | DATED 11 OCTOBER 2011 |
| RICHELLE M. GENTRY, | ) | |
| | ) | |
| Debtors | ) | |

--------------------

1. The future earnings and other income of the debtors are submitted to the supervision and control of the Chapter 13 Standing Trustee as necessary for the execution of this plan, and debtors shall pay to the Trustee a sum pursuant to the following each month until this plan is completed, or until all of the provisions of this Plan have been completed. It is contemplated that this plan will take 60 months to complete. Plan payments shall commence within thirty (30) days following the filing of the Plan. The Debtors shall make payments directly to the Trustee until their wage deductions begin. Payments shall occur as follows:

    a) The commitment period shall be 60 months.
    b) On or about September 1st 2010, Debtor shall make a payment of $3,500.00 to the plan.
    c) On or about August 1st, 2010, Debtor shall make a payment of $499.26.
    d) On or about September 1st, 2010 Debtor shall make a payment of $499.26.
    e) On or about October 1st, 2010 Debtor shall make a payment of $373.45, with a similar payment of $373.45 every month thereafter for a period of 11 months.
    f) On or about October 15th, 2011 Debtor shall make a payment of $345.00. with a similar payment of $345.00 every month thereafter for a period of 46 months.

2. From the payments so received, the Trustee shall make disbursements as follows:

    (a) <u>Administrative Claims.</u> In advance of all other claims, the Trustee shall pay those claims, fees, or charges specified in 11 U.S.C. 507(a)(1), including the debtor's attorney fees and costs in such amount as may be allowed by the Court. As of the date of this Plan, Debtor's counsel estimates that total attorney fees and costs for representation of Debtor (excluding the fee

Third Amended Chapter Thirteen Plan       1

for filing the Debtor's petition will be as follows:

```
Estimated total attorney fees:          $1700.00
Estimated total costs:                  $274.00
Total estimated attorney fees and costs: $1974.00
Less retainer:                          $1974.00
```

TOTAL FEES AND COSTS TO BE PAID THROUGH PLAN:  $0.00

(b) <u>Impaired Secured Claims.</u>  After payments provided for above, the Trustee shall pay allowed secured claims, as determined pursuant to 11 U.S.C. 506(a), together with interest at the rate prescribed below from the date of confirmation, on a pro rata basis, as follows:

| Name of Creditor | Claim Number | Allowed Secured Claim* | Rate of Interest |
|---|---|---|---|
| United Consumer | Four | 220.50 | 0% |

*This figure is the lesser of the total amount of the debt owing to the creditor or the value of the collateral securing said debt.

Secured creditors shall retain their liens as provided by 11 U.S.C. § 1325(a)(5)(B). In order for any unsecured deficiency to be allowed and paid, a proof of claim must be filed pursuant to Montana's local Bankruptcy Rules.

(c) <u>Unimpaired Secured Claims.</u>  The following secured creditors, whose claims will be left unimpaired by this Plan, are not provided for by this Plan and shall receive no payments through the Trustee except with regard to those arrearages specified below, if any:

| Name of Creditor | Description of Collateral |
|---|---|
| USDA | 1480 Klondyke Loop Somers MT 59932 |
| Tiebucker Homeowner Association | 1480 Klondyke Loop Somers MT 59932 |

Concurrently with the payments on impaired secured claims specified above, the following arrearage on unimpaired secured claims, if any, shall be paid through the Trustee on a pro rata basis until the same have been paid in full:

| Name of Creditor | Amount of Arrearage |
|---|---|
| USDA | $16,194.84 @ 6.125% |

(d) <u>Domestic Support Obligations.</u>  After the payment provided for above the Trustee shall pay all allowed prepetition domestic support obligations.  Such allowed claims for prepetition domestic support obligations shall be paid in full under this Plan, without interest (unless otherwise provided).

Third Amended Chapter Thirteen Plan          2

| Creditor | Address | Claim Amount |
|---|---|---|

(e) <u>Priority Claims.</u> After payments provided for above, the Trustee shall pay 100% of all allowed claims entitled to priority in such order as specified in 11 U.S.C. 507.

(f) <u>General Unsecured Claims.</u> After the payments provided for above, the Trustee shall pay dividends, to the extent possible, to allowed unsecured, non-priority claims on a pro rata basis.

(f) <u>Liquidation Analysis.</u> The total amount distributed under paragraphs 2(e) and (f) will be at least $1.00, which is equal to or exceeds what would be available to pay unsecured claims if the Debtor's estate was liquidated under Chapter 7 of the Bankruptcy Code. A discharge will not be entered by the Court until said sum has been distributed, or until all allowed unsecured claims have been paid in full, whichever is less.

3. <u>Rejection of Contracts or Leases.</u> The Debtors reject the following executory contracts and unexpired leases, and shall surrender property subject to such contracts or leases:

| Type of Agreement | Date of Agreement | Other Party to Contract |
|---|---|---|
| None | | |

All other executory contracts and unexpired leases shall be affirmed.

4. <u>Surrender of Property.</u> The Debtors surrender any and all interest in the following described collateral to the stated Creditor in full satisfaction of the Creditor's allowed secured claim. In order for any unsecured deficiency to be allowed and paid under this Plan, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules.

5. <u>Postpetition Secured Debt.</u> Debtors reserve the right to incur post-petition secured debts, upon prior written approval of the Trustee, for items necessary to Debtors performance under this plan.

6. <u>Report of Change in Income.</u> The Debtors shall commit all projected disposable income to the Plan for the applicable commitment period and shall immediately report any changes in income in excess of $300 per month to the Trustee.

7. <u>Other Provisions:</u> 8. <u>Declarations.</u> Under penalty of perjury Debtors affirm that all federal and state income, employment and other tax returns due as of the date of this plan have been filed with the appropriate agency, and that all post-petition payment due on all domestic support obligations have been paid through the date of this Plan.

9. <u>Effects of Confirmation.</u> Upon confirmation of this Plan, all issues that have been or could have been decided involving any Creditors are *res judicata*, and Debtors reserve all rights under applicable federal and state law with regard to those issues, including the rights under 11 U.S.C. § 524(i). Debtors specifically reserves all rights under 11 U.S.C. § 524(i), including the right to ensure that all post-petition mortgage payments be applied and credited to Debtor's mortgage account as if the account were current and no prepetition default existed.

10. <u>Previous Bankruptcies and Discharge.</u>

☐ Debtor(s) is not eligible for a discharge of debts because the Debtor(s) has previously received a discharge described in 11 U.S.C. § 1328(f).

Third Amended Chapter Thirteen Plan 3

X   Under penalty of perjury, Debtors declare that they have not received a discharge in a previous bankruptcy case that would cause them to be ineligible to receive a discharge in the above-entitled case under 11 U.S.C. § 1328(f).

11. <u>Income Tax Refunds.</u>

☐   Debtor(s) project no income tax refunds during the term of this Plan. As a result, no income tax refunds will be turned over to the Trustee.

☐   Debtors project income tax refunds during the term of this Plan. During the applicable commitment period of this Plan, as defined in 11 U.S.C. § 1325(b)(4), Debtor's will turn over to the Trustee all net income tax refunds.

X   Debtors project future income tax refunds during the term of this Amended Plan. Such tax refunds are accounted for in Debtors' budget. The amended plan is proposed to pay 100% of the claims without turnover of tax refunds.

DATED this 11th day of October, 2011.

　　　　　　　　　　　　　　　　　　　　/s/ Jacob E. Gentry
　　　　　　　　　　　　　　　　　　　　JACOB E. GENTRY, Debtor

　　　　　　　　　　　　　　　　　　　　/s/ Richelle M. Gentry
　　　　　　　　　　　　　　　　　　　　RICHELLE M. GENTRY, Debtor

Original filed via ECF

**Pursuant to FRBP 7005 & 9014 (b) and FRCP 5(b)(2)(D) all parties noted in the Court's ECF transmission facilities have been served via ECF.**

**The following have been served by mail:**

| | |
|---|---|
| COUNTY OF SAN BERNANDIO<br>10417 MOUNTAIN VIEW AVE<br>LOMA LINDA, CA 92354 | PINNACLE CREDIT SERVICES<br>100 SAINT LOUIS PARK<br>7900 HWY 7<br>MINNEAPOLIS, MN 55426 |
| INTERNAL REVENUE SERVICE<br>PO BOX 21126<br>PHILADELPHIA PA 19114 | TIEBUCKER HOMEOWNER ASSO<br>P O BOX 133<br>SOMERS, MT 59932 |
| JUSTICE COURT<br>CASE NO CV-06-3712<br>800 SOUTH MAIN ST<br>KALISPELL, MT 59901 | UNITED CONSUMER FINANCIAL<br>865 BASSETT ROAD<br>WESTLAKE, OH 44145 |

Third Amended Chapter Thirteen Plan　　　　　4

```
 1
 2   US DISTRICT COURT
     CAUSE NO CV-10-51-M-DWM
     PO BOX 8537
 3   MISSOULA, MT 59807

 4   USDA
     BUILDING 105, FC-213
 5   4300 GOODFELLOW BLVD
     SAINT LOUIS, MO 63120
 6

 7   VERIZON WIRELESS
     BANKRUPTCY ADMIN
 8   P O BOX 3397
     BLOOMINGTON, IL 61702
 9
     VICTORIA L. FRANCIS
10   U.S. ATTORNEY'S OFFICE
     PO BOX 1478
11   BILLINGS, MT 59103

12   MONTANA DEPT OF REVENUE
     KIM DAVIS BANKRUPTCY SPECIALIST
13   PO BOX 7701
     HELENA MT 59604
```

Certificate of Service by Mail/ECF

This document was served pursuant to FRBP 7004, 9001(8), 9013, 9014 (b): 1) by mail, in envelopes addressed to each of the parties at the addresses above; and/or 2) by electronic means, pursuant to LBR 7005-1, 9013-1 (c) and 9036-1 on the parties noted in the Court's ECF transmission facilities, on 12 October 2010. The undersigned declares, under penalty of perjury pursuant to 28 USC § 1746, that the foregoing is true and correct.

      /s/   Scott Hamilton
Scott Hamilton, Esq.

Third Amended Chapter Thirteen Plan     5